ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB 10 AM 8: 01

CLERK
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| RYAN JARROD STANFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 606-10 |
| ) | |
| HUGH SMITH and JOHN W. PAUL, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Georgia State Prison in Reidsville, Georgia, has filed a complaint under Title 42, United States Code, Section 1983 and an application to proceed *in forma pauperis* ("IFP"). After a review of plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, recommends that plaintiff's motion to proceed IFP be **DENIED** and that this action be **DISMISSED** without prejudice.

## I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). Title 28, United States Code, Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment

> in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit has concluded that Section 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

## II. DISCUSSION

A review of plaintiff's history of filings reveals that he has brought at least four cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Stanford v. Smith, CV604-149 (S.D. Ga. June 22, 2005); (2) Stanford v. Smith, CV605-56 (S.D. Ga. Nov. 1, 2005); (3) Stanford v. Smith, CV605-81 (S.D. Ga. Nov. 10, 2005); (4) Stanford v. United States District Court, CV505-386 (N.D. Ga. Nov. 23, 2005).[2] In each of these cases, plaintiff filed a complaint that the court dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, or that

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

[2] Plaintiff had another case dismissed for want of prosecution because he failed to respond at all to an Order of the Honorable William C. O'Kelley, United States District Judge. Howard v. Hunter, 2:89-CV-00109-WCO (N.D. Ga. May 21, 1990). Failing to respond to a direct order of the court amounts to abuse of the judicial process and is, therefore, also "strike-worthy." See Rivera, 144 F.3d at 731.

otherwise qualified as a "strike" for abuse of the judicial process. Therefore, these previously dismissed cases qualify as "strikes" under Section 1915(g). As plaintiff has at least three "strikes" under Section 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to Section 1915(g).

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint is that he is not receiving adequate access to legal research materials. The Court finds no imminent danger posed by plaintiff's allegations and does not find that plaintiff should be excused from paying the full filing fee under the "imminent danger" exception of Section 1915(g).

### III. CONCLUSION

Based on the foregoing, the Court recommends that plaintiff's motion to proceed IFP be **DENIED** and that this action be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to submit a new complaint along with the full $250.00 filing fee.

SO REPORTED and RECOMMENDED this 10th day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3